# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL VELASQUEZ,        )
                                     )
            Plaintiff,        )
                                     )
           vs.            )      Civil Case No.   06-824-WDS-PMF
                                     )
RUANN TANNER, et al.,        )
                                     )
           Defendants.      )

## <u>REPORT AND RECOMMENDATION</u>

**FRAZIER, Magistrate Judge**:

     Before the Court is defendants' motion to dismiss (Doc. No. 13).  Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, claiming that he is confined indefinitely in administrative detention without the benefit of procedural protections guaranteed by the Due Process Clause. Plaintiff seeks damages and injunctive relief.

     Regarding plaintiff's claim for damages, the defendants assert qualified immunity as an affirmative defense.  With respect to plaintiff's claim for injunctive relief, the defendants argue that the claim duplicates one presented by a class of inmates in *Westerfer v. Snyder*, Case No. 00-162-GPM, and that plaintiff is part of the class.  The motion is opposed (Doc. No. 16).

     Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  In considering whether a pleading states a claim for relief, the Court accepts all of the allegations as true and construes the allegations in the light most favorable to the plaintiff.  A motion filed under Rule 12(b)(6) should be granted if the plaintiff is unable to raise a claim above the speculation level by articulating "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955,

1974 (2007).  Plaintiff is asserting a § 1983 claim for a procedural due process violation.  His allegations must suggest that he was deprived of a constitutionally protected interest in life, liberty, or property without due process of law.  *Zinermon v. Burch*, 494 U .S. 113, 125 (1990).

## I.      Qualified Immunity

The defendants's first argument does not challenge the sufficiency of the due process claim but seeks ruling on the qualified immunity defense to the damages claim.  In order to resolve this defense, the Court first decides whether the defendants violated plaintiff's right to due process of law, taking the facts in the light most favorable to plaintiff.  If so, the Court considers whether the due process right was clearly established in the light of the specific context of the case.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Qualified immunity is a defense which usually depends upon the facts of the case.  Because plaintiffs are not required to anticipate and plead around the defense, dismissal at the pleading stage is rarely appropriate.  *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

Plaintiff's due process claim is based on allegations that he was deprived of a liberty interest. Specifically, he claims that he is confined indefinitely in administrative detention status without justification or a meaningful opportunity to challenge his status.  In *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), the Supreme Court held that administrative segregation was the sort of confinement that inmates should reasonably anticipate.  In a footnote, the Court observed that administrative segregation could not be used as a pretext for indefinite confinement to a segregation unit.  *Hewitt* 459 U.S. at 477 n. 9.  In *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995), the Supreme Court altered the method for identifying liberty interests, holding that, in the context of prison confinement, liberty interests are normally limited to conditions imposing atypical and significant hardship on the inmate

in relation to the ordinary incidents of prison life.  The Court of Appeals applied *Sandin* stringently, focusing on whether the conditions altered the length of confinement.  *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005) *and Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995).  That approach changed when the Supreme Court decided *Wilkinson v. Austin*, 545 U.S. 209, (2005).  In *Wilkinson*, the Supreme Court found that extraordinarily restrictive conditions at a supermaximum facility in Ohio could implicate a liberty interest and give rise to a due process claim.  In light of *Wilkinson*, the Court of Appeals recently found that allegations of extraordinarily restrictive conditions at Tamms Correctional Center could satisfy the *Sandin* standard.  *Westefer v. Snyder*, 422 F.3d 570 (7th Cir. 2005).  However, no Court has held that inmates facing restrictive conditions at Tamms have been deprived of a liberty interest in violation of the Due Process Clause.

Plaintiff arrived at Tamms Correctional Center on April 3, 2002.  He has been confined on administrative detention status since January 6, 2004.  While plaintiff does not challenge the decision to send him to Tamms, his due process claim is by necessity based on the conditions he is exposed to at that facility.

Without further factual development, the Court cannot determine whether plaintiff's long-term administrative detention status violates the Due Process Clause.  However, analysis of the second step of the qualified immunity analysis permits only one result.  If plaintiff has been deprived of a liberty interest and is entitled to the additional procedural protections he seeks, that right was not and is not clearly established.  The law on this issue is developing and is likely to be clarified after a decision is reached in the *Westerfer* case.  Under these circumstances, the defendants are immune from an award of damages.  *See Cunningham v. Snyder*, 472 F. Supp.2d 1023, 1029-30 (S.D. Ill. 2006).

## II.       Injunctive Relief

The defendants argue that plaintiff's demand for injunctive relief is subsumed by the class litigation in *Westerfer*, which will decide whether injunctive relief should be awarded to a class of inmates defined as "all inmates who have been transferred to Tamms Correctional Center since January 1, 1998, and all inmates who will be transferred to Tamms in the future." Plaintiff argues that the *Westerfer* litigation will not resolve his particular claim for injunctive relief. Plaintiff seeks advance notice of the grounds for the decision placing him in administrative segregation, a hearing, and an opportunity to appeal an adverse decision.

Because plaintiff arrived at Tamms after January 1, 1998, is assigned to Tamms, and must base his due process claim on the conditions experienced there, his due process rights will be evaluated and resolved in the *Westerfer* class litigation.   In order to avoid duplication of proceedings, plaintiff's claim for injunctive relief should be dismissed or stayed pending the outcome of the *Westerfer* case.

## III.      Conclusion

IT IS RECOMMENDED that defendants' motion to dismiss (Doc. No. 13) be GRANTED. Plaintiff's claim for damages should be dismissed on grounds of qualified immunity.   Plaintiff's claim for injunctive relief duplicates other pending litigation and should be dismissed or stayed pending the outcome of *Westerfer v. Snyder*, Case No. 00-162-GPM.

**SUBMITTED:   July 24, 2007  .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**